UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACKAL OF TRADES, LLC, et al.,

Plaintiffs,

v.

BETHEL CHURCH, et al.,

Defendants.

No. 2:23–cv–142–DAD–KJN PS

ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS

(ECF No. 4.)

Plaintiff Krystal Marshall, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF Nos. 3, 4.) See 28 U.S.C. § 1915. Construing this in plaintiff's favor (and setting aside that an LLC cannot claim IFP), plaintiff Marshall's affidavit makes the required financial showing, and so the request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**i. Subject Matter Jurisdiction and Legal Frivolity**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

**ii. Federal Notice Pleading and a Complaint's Failure to State a Claim**

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1).

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

**Analysis**

There are multiple issues with the complaint. First, the court notes that while the complaint was signed by a Krystal Marshall, there are continued references to an LLC named "Jackal of Trades dba Black Dog" as the only plaintiff named in the caption of this case. (See ECF No. 1 at 1, 2, 4, 6.) If this LLC were the only plaintiff named in the complaint, the court's inquiry would end here, as business entities cannot proceed in federal court without the assistance of counsel. See Local Rule 183(a); Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."); United States v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (accord). Nowhere does it appear Marshall is a licensed attorney, and so claims by the LLC are subject to dismissal.

Construing the complaint in plaintiff's favor, the court will assume (as with the IFP filing) that the actual plaintiff in this case is Krystal Marshall, as she is the one who signed the complaint. Regardless of this construction, the substance of the complaint is still difficult to discern. It appears that in January of 2023, Marshall visited Bethel Church in Redding, California to attend religious services. Marshall alleges she witnessed a person named Reverend Bill Johnson threaten physical harm and beat a staff member of Black Dog, a person named Lily. Marshall alleges Lily is disabled, and the church did not accommodate her disability. The remainder of Marshall's complaint consists of a rambling narrative of conclusory assertions. (See ECF No. 1.)

The complaint attempts to assert claims for alleged violations of the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments and the Commerce Clause, the Americans with Disabilities Act for "reasonable accommodations education employment etc., and state law claims for assault, battery, and "false arrest (kidnapping)." The complaint seeks $20 million in damages and "ADA remedies." Named as defendants are Bethel Church, Benjamin Fitzgerald, Kimberly Renee Sheets, and "City of Redding, CA also a Defendant" (with other defendants crossed out). (See ECF No. 1.)

The first substantive issue with these allegations is that Marshall is attempting to assert claims on behalf of someone named Lily. Incredible as the allegations seem, the simple fact remains that Marshall has no standing to assert any claim on behalf of another person. Harrison, 971 F.3d at 1073 (noting that an injury to the plaintiff is a core component of Article III standing); see also, e.g., Hawai'i by Off. of Consumer Prot. v. Stone, 2019 WL 5058910, at *7 (D. Haw. Oct. 8, 2019) (finding that pro se plaintiff "does not have standing to assert claims on behalf of third-parties"). Thus, the complaint is subject to dismissal based on this fact alone.

Beyond this problem, the court notes additional issues. Most of plaintiff's claims under provisions of the Amendments to the U.S. Constitution fail because most of the defendants Marshall asserts committed these acts are private citizens. Such claims may not lie against a private individual or business entity that does not act under color of state law. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002). Plaintiff's only allegation against the "City of Redding" is, it appears, that the City allows this church to operate within the city. This is not enough to meet any private-state action test, and the remainder of plaintiff's complaint regarding the City are vague and conclusory. See Franklin, 312 F.3d at 445 (outlining four potential tests: (1) the public function test, (2) the joint action test, (3) the state compulsion test, or (4) the governmental nexus test); Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015) "([A] bare claim of state action does not withstand a Rule 12(b)(6) motion.").

Additionally, plaintiff appears to allege various state law crimes against other, unnamed defendants, but private citizens have no right to sue for violations of the criminal code. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).

Finally, the court finds many of the more extreme allegations in the complaint to be legally and factually frivolous and fail to meet the court's plausibility test. Iqbal, 556 U.S. at 678.

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because the record here shows that neither Jackal of Trades nor Krystal Marshall would be able to cure the above-mentioned standing deficiencies through further amendment, the court concludes that granting leave to amend would be futile. Cahill, 80 F.3d at 339.

**ORDER AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's IFP application is GRANTED; and
2. In light of the above, all pleading, discovery, and motion practice in this action are STAYED pending resolution of these findings and recommendations. Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and
2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: March 15, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jack.142